# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-1896V

| | |
|---|---|
| JAMES M. HELM,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: September 5, 2025 |

*Christopher Williams*, Siri & Glimstad LLP, New York, NY, for Petitioner.

*Kimberly S. Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 23, 2022, James Helm filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration after receiving an influenza vaccine on October 26, 2021. Petition, ECF No. 1. On January 28, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $61,129.91 (representing $60,086.90 in fees, plus $1,043.01 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 11, 2025, ECF No. 38. Furthermore, Petitioner filed a signed statement representing that he incurred no personal out-of-pocket expenses. ECF No. 38-4.

Respondent reacted to the motion on April 21, 2025, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 39. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A.  *Hourly Rates*

The hourly rates requested by attorneys Jessica Wallace, Christopher Williams, Debra Gambella, Daisy Mazoff, Alison Haskins, and their supporting paralegals for all work performed in this matter through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be awarded herein.

Petitioner also requests that I apply the following hourly rates: $359.00 for 2025 work performed by attorney Jessica Wallace; $410.00 for 2025 work performed by attorney Christopher Williams; $195.00 for paralegal work performed in the same year; and for work performed by attorney Kathleen Prlich the rates of $470.00 for 2023, and $480.00 for 2024.

I only need comment on the rates requested for Ms. Prlich. She became licensed to practice law in 1987, but was admitted to this Court in 2023. ECF No. 38 at 6. Based on my experience applying the factors[3] relevant to determining proper hourly rates for Program attorneys, however, I find all of the requested rates to be reasonable and within the appropriate experience ranges based on the Fee Schedules.[4] Thus, I find no cause to reduce the requested rates.

B.  *Fees Reductions*

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. See, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Silver* v. *Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing],

---

[3] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

3

review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Clerical and secretarial work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. See *Mostovoy* v. *Sec'y of Health & Hum. Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). But there is evidence in the filed invoices of instances where administrative tasks were billed at attorney rates.[5]

Because Petitioner succeeded in this matter, his entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* But the attorney's fees sought exceed Petitioner's recovery, and are facially high overall, especially compared to SPU cases generally. Counsel must in the future ensure not to bill sums to a matter where the disparity between time expended by counsel and the Petitioner's award is so readily evident.

In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs*., No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, an overall percentage cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *five percent* as a fair adjustment to account for the billing issues mentioned. Application of the foregoing reduces the total amount of fees to be awarded herein by **$3,004.35**.[6]

---

[5] Examples of administrative/clerical billing entries that are not reimbursable in the Program include, but are not limited to, the following: 7/24/23 (three entries) regarding analyzing scheduling order, note to file and deadlines. 7/26/23: "Notes to file." 7/27/23: (two entries) regarding note to file. 8/21/23 (two entries): "Update case deadlines and review court order formal notice special processing unit." 8/24/23: "Review and analyze package insert and monograph; update case file." 10/3/23: "Review scheduling order." 10/4/23: "Update case deadlines." 12/4/23: "Document next court deadline to file and calendar." 9/18/24: "Review ECF docket and case file regarding forthcoming deadline." 2/4/25: "Review correspondence from USCFC regarding joint notice not to seek review of decision on joint stipulation." 3/17/25: "Review correspondence from USCFC regarding decision on joint stipulation; update case file." *See* ECF No. 38-2.

[6] This amount is calculated as follows: ($60,086.90 x 0.05%) = $3,004.35

4

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 38-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $58,125.56 (representing $57,082.55 in fees plus $1,043.01 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.